## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DULCINIA PADILLA,

      Plaintiff,

v.                                  No. CV 19-935 CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Dulcinia Padilla's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum* (the "Motion"), (Doc. 15), filed February 10, 2020; Defendant Commissioner Andrew Saul's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 19), filed May 11, 2020; and Ms. Padilla's *Reply in Support of Plaintiff's Motion to Reverse and Remand for a Rehearing* (the "Reply"), (Doc. 20), filed May 22, 2020.

Ms. Padilla filed an application for disability insurance benefits on January 20, 2016, alleging disability beginning October 1, 2015. (Administrative Record "AR" 102-103). In her application, Ms. Padilla claimed she was limited in her ability to work due to chronic recurrent major depressive disorder, post-traumatic stress disorder ("PTSD"), insomnia, anxiety disorder, fibromyalgia, peroneal tendonitis, shoulder joint pain, and ankle pain. (AR 103-104). Ms. Padilla's application was denied initially on May 12, 2016, and upon reconsideration on October 20, 2016. (AR 136, 143). Ms. Padilla then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on

June 20, 2018, before ALJ Lillian Richter. (AR 63).

At the hearing, Ms. Padilla appeared before ALJ Richter with her attorney Laura Johnson and impartial Vocational Expert ("VE") Mary Diane Weber. (AR 63). ALJ Richter issued her decision on December 24, 2018, finding Ms. Padilla not disabled at any time between her alleged disability onset date through the date of her decision. (AR 30-31). Ms. Padilla then requested review of ALJ Richter's decision before the Appeals Council, which was denied on August 6, 2019. (AR 1). Ms. Padilla now challenges ALJ Richter's December 24, 2018 decision denying her claim for disability insurance benefits. *See* (Doc. 15).

Ms. Padilla, represented by her attorney Laura Johnson, argues in her Motion ALJ Richter erred by failing to account for all the limitations assessed by her treating therapist Mohammed Zabihi, Ed.D., and state agency consultant Lynette Causey, Ph.D. (Doc. 15 at 11). In addition, Ms. Padilla argues the Appeals Council erred in denying her request to review newly submitted opinion evidence that had a reasonable probability of changing the outcome of ALJ Richter's decision. *Id.* at 17. The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because ALJ Richter erred in failing to account for all the moderate limitations prescribed by Dr. Zabihi in her RFC assessment, the Court finds Ms. Padilla's Motion is **GRANTED**, and this case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

## I.      Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the

2

correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v.*

*Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (internal quotation marks omitted) (alteration made)).

## II.    Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 42 U.S.C. 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) meet or equal one of the "listings" of presumptively disabling impairments found in 20 C.F.R. pt. 404, subpt. P, app. 1.; or (4) she is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i-iv); *see also Grogan*, 399 at 1261. If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will

proceed to step five of the evaluation. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1); *Grogan*, 399 F.3d at 1261. At step five, the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III.    Background

In her application, Ms. Padilla claimed she was limited in her ability to work due to chronic recurrent major depressive disorder, PTSD, insomnia, anxiety disorder, fibromyalgia, peroneal tendonitis, shoulder joint pain, and ankle pain. (AR 251). At step one, ALJ Richter determined Ms. Padilla had not engaged in substantial gainful activity since October 1, 2015, the alleged disability onset date. (AR 14). At step two, ALJ Richter found Ms. Padilla has the severe impairments of fibromyalgia, anxiety disorder, depression, PTSD, fatigue, peroneal tendinitis, post-gastric bypass surgery, hallux valgus of the left foot, gastrocnemius equinus of the lower left extremity, and chronic pain. *Id.*

At step three, ALJ Richter determined Ms. Padilla's impairments, solely or in combination, did not meet or equal one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, or 416.926. (AR 17). ALJ Richter then found Ms. Padilla had the RFC to perform "a limited range of work at the light exertional level." (AR 20). In addition, ALJ Richter found Ms. Padilla was restricted to occasionally pushing and pulling with the left lower extremity; occasionally climbing ramps and stairs; occasionally balancing, stooping, crouching, and crawling; never climbing ladders, ropes, or scaffolds; and frequently, but not repetitively, reaching bilaterally. *Id.* ALJ Richter also found Ms. Padilla should avoid exposure to extreme heat

and cold, vibration, unprotected heights, and hazardous machinery. *Id.* Finally, ALJ Richter found Ms. Padilla was limited to "simple, routine work;" occasional interaction with supervisors and coworkers; no interaction with members of the public; few workplace changes in the routine work setting; and she cannot perform work in tandem with other employees. *Id.*

In formulating Ms. Padilla's RFC, ALJ Richter stated that she considered Ms. Padilla's symptoms and the extent to which those symptoms could reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. §§ 404.1529, 416.929, and Social Security Ruling ("SSR") 16-3p. (AR 20). In addition, ALJ Richter stated that she considered opinion evidence consistent with the requirements of 20 C.F.R. §§ 404.1527 and 416.927. *Id.* ALJ Richter concluded that while some of Ms. Padilla's impairments could be expected to cause her alleged symptoms, the intensity, persistence, and limiting effects Ms. Padilla described were not entirely consistent with the evidence in the record. (AR 21).

In evaluating the opinion evidence, ALJ Richter assigned "significant weight" to the opinions authored by Dr. Zabihi and the state agency physicians. (AR 26, 28-29). Conversely, ALJ Richter afforded "little weight" to the medical opinion of Heather Dountas, PA-C, because her opinion relied on Ms. Padilla's self-reported symptoms, rather than Ms. Dountas' professional assessment. (AR 27-28). Similarly, ALJ Richter afforded "some weight" to third-party function reports submitted by Ms. Padilla's sister and her best friend, because the opinions were inconsistent with Ms. Padilla's mental functioning on examination. (AR 27).

At step four, ALJ Richter found Ms. Padilla is unable to perform her past relevant

work as a pharmacy technician. (AR 29). ALJ Richter then moved to step five,

explaining that Ms. Padilla was defined as "a younger individual," has at least a high

school education, and is able to communicate in English. *Id.* Relying on the VE's

testimony, ALJ Richter found that considering Ms. Padilla's age, education, work

experience, and assessed RFC, she could perform other work as a merchandise

marker, shipping and receiving weigher, and office helper. (AR 30). After finding Ms.

Padilla was able to perform other work existing in significant numbers in the national

economy, ALJ Richter concluded she was "not disabled" as defined by 20 C.F.R. §§

404.1520(g) and 416.920(g). (AR 30-31).

### IV.    Analysis

Ms. Padilla presents two arguments in her Motion before the Court. (Doc. 15).

First, Ms. Padilla posits ALJ Richter failed to incorporate all the limitations assessed by

Dr. Zabihi and Dr. Causey, despite affording their opinions "significant weight." *Id.* at 11-

17. Second, Ms. Padilla contends the Appeals Council committed legal error in

determining that evidence submitted after ALJ Richter's decision "did not show a

reasonable probability that it would change the outcome of the decision." *Id.* at 17-25.

For these reasons, Ms. Padilla contends the Commissioner's decision should be

remanded for further administrative proceedings.

In response, the Commissioner maintains the limitations prescribed by Dr. Zabihi

were accounted for in the RFC assessment with the limitation to "simple, unskilled

work." (Doc. 19 at 7-8). Next, the Commissioner contends Dr. Causey's "preliminary

conclusions" as to Ms. Padilla's limitations do not need to be accounted for in the final

RFC assessment. *Id.* Finally, the Commissioner asserts the additional evidence

submitted after the final decision was "plainly not relevant," and thus correctly rejected

by the Appeals Council. *Id.* at 14-18. As such, the Commissioner contends Ms. Padilla's

claim for disability was properly denied at the administrative level. *Id.*

### A. Dr. Zabihi's Opinion

Ms. Padilla first argues ALJ Richter erred in affording Dr. Zabihi's opinion

"significant weight," while omitting some of his prescribed limitations in the decision's

RFC assessment. (Doc. 15 at 17). In response, the Commissioner contends Dr. Zabihi's

opinion was accounted for in the RFC assessment with the limitation to "simple,

unskilled work." (Doc. 19 at 7-8). In her Reply, Ms. Padilla further argues that a

limitation to unskilled work does not adequately encompass all the moderate limitations

prescribed by Dr. Zabihi. (Doc. 20 at 5-6).

Although it is not required that an ALJ discuss every piece of evidence, he is

required to discuss, at a minimum, the weight assigned to each medical source opinion.

*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§

404.1527(e)(2)(ii), 416.927(e)(2)(ii)). Of course, it is not necessary for an ALJ to

delineate the direct correspondence between an RFC finding and a specific medical

opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). However, an ALJ

cannot "pick and choose" through a medical opinion, taking only the parts that are

favorable to a finding of nondisability. *See id.* at 1292 (quoting *Haga v. Astrue*, 482 F.3d

1205, 1208 (10th Cir. 2007)). Furthermore, the ALJ must at least explain his decision in

a manner that is "sufficiently specific to [be] clear to any subsequent reviewers."

*Langley*, 373 F.3d at 1119 (citation omitted); *see also Oldham v. Astrue*, 509 F.3d 1254,

1258 (10th Cir. 2007).

In certain cases, limiting a claimant to unskilled or simple work can be understood as incorporating moderate limitations assessed by the claimant's physician. Indeed, the Tenth Circuit has explained "the basic mental demands of [] unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." *Jaramillo v. Colvin*, 576 Fed. Appx. 870, 875 (10th Cir. 2014) (unpublished) (quoting SSR 85-15, 1985 WL 56857, at *4) (internal quotation marks omitted). The *Jaramillo* court further elaborated that limiting a claimant to "unskilled work" could be understood to incorporate "the specific mental abilities" enumerated in SSR 85-15. *Id.* at 875-876.

Since *Jaramillo*, the Tenth Circuit has expanded the scope of limitations that may be adequately accounted for with a restriction to unskilled or simple work in the RFC assessment. For example, the Tenth Circuit has found that an RFC restriction of unskilled work incorporates prescribed moderate limitations in concentration, pace, and persistence. *Vigil v. Colvin*, 805 F.3d 1199, 1203-1204 (10th Cir. 2015). In addition, courts have recognized that an RFC restriction to "simple tasks and work requiring only routine supervision or only superficial interaction with supervisors and peers" accounted for moderate limitations in "maintaining attention and concentration for extended periods," and "getting along with coworkers and peers." *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016). The limitations encompassed within an unskilled work restriction are consistent with the understanding that an ALJ need not verbatim recite a physician's prescribed limitations in the RFC assessment. *See Lee v. Colvin*, 631 Fed. Appx. 538, 544 (10th Cir. 2015) (unpublished) (finding unskilled work implies the claimant will not

9

be performing complex tasks). Rather, the RFC assessment and the prescribed limitations must be generally consistent to be adequately incorporated.

On May 10, 2018, Dr. Zabihi completed a "Medical Assessment of Ability to Do Work-Related Activities" form, which evaluated Ms. Padilla's limitations and work-related restrictions. (AR 970-971). In this form, Dr. Zabihi opined Ms. Padilla was moderately limited in her abilities to: understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods of time; perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; and work in coordination with or proximity to others without being distracted. *Id.* In addition, Dr. Zabihi opined Ms. Padilla was "slightly" restricted by limitations in her abilities to understand, memorize, sustain concentration and persistence, socially interact, and adapt. *Id.*

In her decision, ALJ Richter explained that she afforded Dr. Zabihi's opinion "significant weight," because it was based on "a longitudinal relationship with [Ms. Padilla] that began in November 2017." (AR 29). In addition, ALJ Richter reasoned the "opinion is also generally consistent with the psychological consultative examination that noted no more than mild cognitive issues." *Id.* ALJ Richter then concluded that "based on [Ms. Padilla's] subjective reports and the evidence throughout the record, social limitations are appropriate and [Ms. Padilla] is limited to occasional interaction with coworkers and supervisors and no interaction with the public." *Id.*

In Ms. Padilla's RFC assessment, ALJ Richter limited her to "simple, routine work," with "occasional interaction with supervisors and coworkers and no interaction with members of the public." (AR 20). In addition, ALJ Richter found that Ms. Padilla

10

was further limited "to a workplace with few changes in the routine work setting," and could not "perform work in tandem with other employees." *Id.* However, Ms. Padilla contends these restrictions do not account for Dr. Zabihi's prescribed moderate limitations in her abilities to maintain attention and concentration for extended periods of time, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (Doc. 15 at 16).

Consistent with Tenth Circuit case law, Ms. Padilla's moderate limitations in concentration and attention may be accounted for with a limitation to simple work. *See Smith*, 821 F.3d at 1269; 20 CFR § 404.1568. However, ALJ Richter's restriction to "simple, routine work," does not account for Dr. Zabihi's prescribed moderate limitations in attendance, scheduling, and punctuality. Even if these limitations could be construed to fit under the umbrella of simple work, ALJ Richter was required to specifically explain how these limitations were accounted for in the RFC assessment. *See Langley*, 373 F.3d at 1119 (explaining the ALJ must articulate her decision in a manner that is "sufficiently specific to [be] clear to any subsequent reviewers"); *see also Chapo v. Astrue*, 682 F.3d 1285, 1290 n. 3 (10th Cir. 2012) (describing a restriction to "simple" work as a "vague catch-all term," arguably not "sufficient to capture the various functionally distinct mental limitations").

ALJ Richter's lack of clarity on whether she intended for these limitations to be incorporated in the RFC assessment is particularly troubling because in similar instances where the ALJ omitted an explanation, courts have held such an error requires reversal. *See Frantz v. Astrue*, 509 F.3d 1299 (10th Cir. 2007) (finding the ALJ committed error in not considering a physician's prescribed moderate limitations in

11

"maintaining attention and concentration for an extended period of time," and the "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"). Unfortunately, the Court cannot accept the Commissioner's *post hoc* explanation for how ALJ Richter intended for these limitations to be incorporated in the RFC assessment. *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008). Rather, the Court must remand the case for the ALJ to provide her own explanation on the contours of Ms. Padilla's limitations.

In sum, despite affording Dr. Zabihi's opinion significant weight, ALJ Richter's RFC assessment does not account for Dr. Zabihi's prescribed moderate limitations in maintaining regular attendance, performing activities within a schedule, and being punctual within customary tolerances. Having failed to include these limitations, ALJ Richter was required to explain their omission or otherwise indicate how the limitations were being incorporated in the RFC assessment. As such, ALJ Richter's error in excluding these limitations without explaining their omission requires remand.

## V.     Conclusion

For the foregoing reasons, the Court finds ALJ Richter erred in not including all the moderate limitations prescribed by Dr. Zabihi without explaining their omission.

**IT IS THEREFORE ORDERED** that Ms. Padilla's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum*, (Doc. 15), is **GRANTED** and this case is **REMANDED** for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED**.

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

12