**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DULCINIA PADILLA,

       Plaintiff,

v.                                                                                                No. CV 19-935 CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff Dulcinia Padilla's *Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support* (the "Motion"), (Doc. 24), filed August 25, 2020; *Defendant's Response to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Response"), (Doc. 25), filed September 8, 2020; and *Plaintiff's Reply in Support of Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Reply"), (Doc. 26), filed September 22, 2020. Having reviewed the Motion, Response, Reply, and the relevant law, the Court finds that Ms. Padilla's Motion is well-taken and should be **GRANTED**.

    **I.**        **Background**

In January 2016, Ms. Padilla filed for disability insurance benefits, claiming she was limited in her ability to work due to chronic recurrent major depressive disorder, post-traumatic stress disorder ("PTSD"), insomnia, anxiety disorder, fibromyalgia, peroneal tendonitis, shoulder joint pain, and ankle pain. (Administrative Record "AR" 102-104). Ms. Padilla's claim was denied initially, (AR 136), upon reconsideration, (AR

143), and following a hearing before administrative law judge ("ALJ") Lillian Richter, (AR 30-31). Ms. Padilla requested review by the Appeals Council, which was denied, (AR 1), making the ALJ's decision the final decision of the Social Security Administration.

Ms. Padilla then sought review from this Court, arguing the ALJ erred by failing to account for all the limitations assessed by her treating therapist, Mohammed Zabihi, Ed.D., and a state agency consultant, Lynette Causey, Ph.D. (Doc. 15 at 11). Additionally, Ms. Padilla argued the Appeals Council erred in denying her request to review newly submitted opinion evidence that had a reasonable probability of changing the outcome of ALJ Richter's decision. *Id.* at 17. Finding the ALJ erred in failing to account for all the moderate limitations prescribed by Dr. Zabihi in her RFC assessment, the Court granted Ms. Padilla's Motion and remanded the Commissioner's decision. (Doc. 22).

Ms. Padilla now petitions the Court for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 24). She argues that an award of attorney fees is appropriate because she was the prevailing party, her net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. *Id.* at 1.

II.   **Analysis**

The Commissioner opposes an award for attorney fees, arguing that his position in the underlying agency action and subsequent litigation was substantially justified. (Doc. 25 at 1). Specifically, the Commissioner asserts the ALJ did in fact explain how Dr. Zabihi's moderate limitations on Ms. Padilla's abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances

were accounted for in Ms. Padilla's RFC, "even if the Court found the ALJ's articulation lacking." (Doc. 25 at 3). The Commissioner further contends he was substantially justified in defending this action, because "recent Tenth Circuit law hold[s] that an RFC of unskilled work can, at times, accommodate moderate limitations in mental functioning." *Id.* at 6. In support of this proposition, the Commissioner principally cites and discusses two Tenth Circuit cases: *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015); and *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016). (Doc. 25 at 6-8). In other words, the Commissioner suggests the law is in flux. *Id.*

In her Reply, Ms. Padilla maintains that the Commissioner's position was not substantially justified. (Doc. 26 at 5). She states the Court "already rejected," as an impermissible *post hoc* explanation, the Commissioner's argument that the ALJ did in fact consider Dr. Zabihi's prescribed moderate limitations. *Id.* at 3. Ms. Padilla further cites several previous orders by this Court rejecting the argument that the issue of whether unskilled work can account for the moderate limitations prescribed by Dr. Zabihi is in flux. *Id.* at 3-4.

A. <u>Standard of Review</u>

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

In this circuit, the test for substantial justification is one of reasonableness in both law and fact. *Id.* (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). As

defined by the United States Supreme Court, substantial justification requires the government's position be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government's "position" includes both the government's stance in the underlying agency action and in any subsequent litigation. *Id.*

Courts are more likely to find the government's position is substantially justified when an area of law is "unclear or in flux." *Cherry v. Barnhart*, 125 Fed. Appx. 913, 916 (10th Cir. 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). Indeed, the government's position may be substantially justified even though it is incorrect. *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566, n.2). Ultimately, it is the government that bears the burden of proving its position was substantially justified. *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

B. <u>The Commissioner's Underlying Position and the Court's Disposition</u>

Ms. Padilla first established care with Dr. Zabihi in November 2017. (AR 29). In a May 2018 evaluation, Dr. Zabihi opined that Ms. Padilla was moderately limited in her abilities to: understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods of time; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and work in coordination with or proximity to others without being distracted. (AR 970-971). Dr. Zahibi further opined that Ms. Padilla was "slightly" restricted by limitations in her abilities to understand, memorize, sustain concentration and persistence, socially interact, and adapt. *Id.*

ALJ Richter afforded Dr. Zabihi's opinions "significant weight," and accordingly assessed Ms. Padilla's RFC as limiting her to "simple, routine work," with "occasional interaction with supervisors and coworkers and no interaction with members of the public." (AR 20). She further found Ms. Padilla was limited "to a workplace with few changes in the routine work setting," and could not "perform work in tandem with other employees." *Id.*

Nevertheless, as the Court found, these RFC limitations failed to account for Dr. Zabihi's prescribed moderate limitations in Ms. Padilla's abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (Doc. 22 at 11). The Court further explained that even if these limitations could be construed to fit under the umbrella of "simple work," ALJ Richter was required to specifically explain how these limitations were accounted for in the RFC assessment. *Id.* The Court rejected the Commissioner's *post hoc* explanation of how ALJ Richter intended these limitations to be incorporated in the RFC assessment. *Id.*

The Court therefore found the ALJ's failure to include these limitations without explaining their omission constituted legal error. *Id.* at 12. The Court remanded the case for further administrative proceedings consistent with the Court's decision. *Id.*

    C. <u>The Commissioner's Position is not and was not Substantially Justified</u>

        1. *The Commissioner's Position that the ALJ did Account for All Moderate Limitations*

First, as the Court explained in its Order remanding, it is well settled that "[t]he ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability." *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004) (internal citations omitted); *see also*

5

(Doc. 22 at 8). Although the ALJ placed "great weight" on Dr. Zabihi's opinion, which included that Ms. Padilla was moderately limited in her abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, these limitations were not reflected in the ALJ's RFC finding. *See* (Doc. 22 at 10-11). The ALJ seems to have implicitly rejected these findings, and therefore inappropriately "[u]sed portions of evidence favorable to [her] position while ignoring other evidence." *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (citing *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004)).

The Commissioner previously offered an explanation of how the ALJ intended these limitations to be incorporated in the RFC, and the Court rejected it as an improper *post hoc* rationalization. (Doc. 22 at 12). The Commissioner offers the same *post hoc* rationalization in his Response, which the Court finds improper and unavailing. *Carpenter*, 537 F.3d at 1267; *see also* (Doc. 25 at 3-6). The ALJ's selective application of Dr. Zabihi's opinion without explanation was error and required remand for the ALJ to give reasons for omitting Dr. Zabihi's above findings. (Doc. 22 at 12). The Commissioner's position in defending this error was not substantially justified.

### 2. The Commissioner's Position that the ALJ was not Required to Specifically Account for All Moderate Limitations

Moreover, as the Court stated in its Order remanding, the ALJ was indeed required to explain her omission of Dr. Zabihi's above-prescribed limitations because a "restriction to simple, routine work[] does not account for [] limitations" in Ms. Padilla's abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (Doc. 22 at 11). Contrary to the Commissioner's

6

contention then and now, there is no flux on this issue in the Tenth Circuit. *See* (Doc. 25 at 6-9).

The Court, in deciding Ms. Padilla's motion to remand, discussed *Smith v. Colvin*, 821 F.3d 1264 (10th Cir. 2016), which the Commissioner now cites as a basis for his hope "that the Court may be persuaded to extend" the definition of "unskilled work" to include the limits prescribed here by Dr. Zabihi. (Doc. 22 at 11); (Doc. 25 at 7-8). In *Smith*, the Tenth Circuit noted its previous holdings in *Vigil v. Colvin*, 805 F.3d 1199 (10th Cir. 2015), and *Lee v. Colvin*, 631 Fed.Appx. 538 (10th Cir. 2015) (unpublished) that "an [ALJ] can account for moderate limitations by limiting the claimant to particular kinds of work activity." *Id.* at 1269. However, it specified that a restriction to simple work can account for limitations in concentration, persistence, and pace. *Id.* As the Commissioner rightly notes, the Tenth Circuit's holding in this area does not "extend . . . to the question of whether unskilled work can account for a moderate limitation in maintaining regular attendance, performing activities within a schedule, and being punctual within customary tolerances." (Doc. 25 at 8).

In fact, the Court has previously rejected this argument by the Commissioner in similar cases, explaining this area of law is not unclear or in flux, and thus found his defense of it not substantially justified. *See*, *e.g.*, *Gabaldon v. Berryhill*, 1:16-CV-769 CG, 2017 WL 3530382, at *3 (D.N.M. Aug. 16, 2017); *Mills v. Berryhill*, 1:16-CV-573 CG, 2017 WL 4863074, at *5 (D.N.M. Oct. 26, 2017). Likewise here, the Court's finding in its Order remanding that the ALJ erred in failing to properly consider Dr. Zabihi's prescribed limitations was a finding of legal error and renders the Commissioner's position below unreasonable, especially since this area of law is not "unclear or in flux."

7

*Cherry*, 125 Fed. Appx. at 916 ("When an area of law is unclear or in flux, it is more likely that the government's position will be substantially justified.") (citation omitted). Therefore, the Court finds the Commissioner's defense of this position was not substantially justified.

### III.    Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in his position in either the underlying agency action or the subsequent litigation. Accordingly, the Court finds that Ms. Padilla is entitled to an award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Ms. Padilla's *Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support*, (Doc. 24), be **GRANTED** and that attorney fees in the amount of $5,948.60 be awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and be made payable to Ms. Padilla. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Ms. Padilla's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Ms. Padilla pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATE MAGISTRATE JUDGE